## LEWIS LAUDEMAN *v.* J. S. GALLAGER.

**Appeal—Reversal—Surplusage.**

Refusal to strike out certain words as surplusage is not cause for reversal, where the ruling could not have prejudiced the rights of appellant.

**Gaming—Construction of Statute.**

Section 5, ch. 42, R. S., relating to betting or wagering, comprehends any betting or wagering, whether upon a "game, sport, pastime," or an election.

APPEAL FROM JEFFERSON CIRCUIT COURT.

March 6, 1874.

OPINION BY JUDGE HARDIN:

We regard the petition as sufficient, and whether the court erred or not in refusing to strike out certain words of it as surplusage, we cannot see that the error could have prejudiced the rights of the appellant; and such error cannot, therefore, be a cause of reversal, if, in fact, the ruling of the court was erroneous.

It is insisted for the appellant that according to the first section of Chap. 42 of the Revised Statutes, and on the authority of the case of Love v. Harris et al., 18 B. Mon. 122, that betting on an election not being a "game, sport, or pastime," and yet betting on the result of an election being unlawful and against public policy, the law, in the absence of statutory regulations, will not aid either party, even as against a mere stakeholder for them. But

whether this would be so or not, under Sec. 1, supra, of the chapter referred to, we cannot doubt that in a case like this, the stakeholder's liability is fixed by the 5th section of the chapter, which, in defining the character for betting referred to, is broader than the first section, and comprehends "any bet or wager," whether upon a "game, sport, pastime," or an election. Hutchings & Co. v. Stillwell, 18 B. Mon. 776.

It seems to us, therefore, that according to the substantial allegations of the petition, which are admitted by the answer, the plaintiff was entitled to recover the $200 placed by him in the defendant's hands.

Wherefore the judgment is affirmed.

*Kinney, for appellant.*

*Mundy, for appellee.*